**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail:  sbogdanovich@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MILLER, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>THE GAP, INC. and OLD NAVY, LLC,<br><br>          Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Matthew Miller ("Plaintiff"), by and through his attorneys, make the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant The Gap, Inc. and Defendant Old Navy, LLC (collectively, "Defendants").

## NATURE OF THE ACTION

1. Defendants provide Merchandise Return Cards ("Store Cards") intended for use in Defendants' clothing stores. These Store Cards meet the statutory definition of Store Cards under California law.

2. This case seeks redress for Defendants' practice of misrepresenting the value of these Store Cards.

3. These Store Cards are given to consumers in exchange for the return of products that were purchased at Defendants' stores.

4. The Store Cards meet the definition of a "gift certificate" under California Law. According to Cal. Civ. Code § 1745.6(a), "[a] gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate. The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer." Here, the amount on the Store Cards constitutes value held in trust by Defendant on behalf of the consumer, and therefore meet the definition of a gift certificate under California's gift certificate law.

5. Additionally, California's Cal. Civ. Code § 1749.5(b)(1) states that:

> [A]ny gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value.

6. Defendants' Store Cards include unfair, deceptive, and illegal conditions that are only revealed to customers after the point of sale, or never revealed at all.

7. Defendants do not reveal that despite the clear requirements of California State law, Defendants' policy is that the Store Cards are completely non-refundable and in fact have no mechanism to refund the value of the Store Cards, even in situations where state law requires it.

8.      When Store Card holders attempt to obtain Store Card balances, they are confronted with the fact that Defendants have no method which allows holders to obtain the Store Card Balances.

9.      These remaining balances are thus unavailable to Store Card users and function as a hidden fee that is not disclosed to users.

10.     Even after the point of sale, Defendants do not reveal that their Store Card balances are completely non-refundable until users attempt to obtain their remaining balances.

11.     Thus, the policies that produce these balances that Defendants keep are not disclosed to customers clearly and conspicuously.

12.     All told, at least 10 states have statutes that require retailers to provide a cash refund up to a certain amount for a Store Card's remaining value.[1]

13.     In direct violation of the laws of Massachusetts and many of her sister states and contrary to Defendants' representations, Defendants' policies "authorize[] the purchaser or holder to add value [to Defendants' Store Cards] and [after being] redeemed in part, such that the value remaining is $5.00 or less, [do not allow purchasers or holders to] make an election to receive the balance in cash or continue using the gift certificate." M.G.L.A. 200A § 5D.

14.     These small balances add up. Defendants have distributed millions of these cards to Store Card purchasers and holders throughout the United States. Thus, Defendants have acquired at least millions of dollars in revenue to which they are not entitled.

15.     Plaintiff is a Store Card holders who assert claims on behalf of himself and similarly situated Store Card holders for unjust enrichment and violations of consumer protection statutes.

## **PARTIES**

16.     Plaintiff Matthew Miller is a citizen of California who resides in Mission Viejo, California. Mr. Miller is the holder a Store Card with a value below $10. Specifically, Mr. Miller obtained this Store Card in or around December 2022 in exchange for a return of Products worth

---

[1] *See also* Colorado (Colo. Rev. Stat. § 6-1-722(b)(2)); Maine (Me. Rev. Stat. Ann. tit. 33, § 1953(G)(5)); Montana (Mont. Code Ann. § 30-14-108(4)); Oregon (Or. Rev. Stat. § 646A.276(1)(d)); Rhode Island (R.I. Gen. Laws § 6-13-12); Vermont (Vt. Stat. Ann. tit. 8, § 2704); Washington (Wash. Rev. Code § 19.240.020(3)); Massachusetts (M.G.L.A. 200A § 5D); New Jersey (N.J.S.A. 46:30B-42.1(h)).

approximately $20.  This Card currently has a balance of approximately $1.10.  Mr. Miller was not aware of Defendants' unfair and deceptive policies before he received the Store Cards.  Mr. Miller only learned about Defendants' policies regarding refunds when he attempted to obtain the balance of his Store Cards in cash and was refused.

17.    Mr. Miller was injured as a result of Defendants' policies because he (a) was charged a hidden fee in the form of a balance that he was not able to receive in cash, and (b) was harmed in that his Store Card balance, which is only usable to purchase Defendants' products, is worth less than the value of what he is entitled to, i.e., a balance that he can spend anywhere.

18.    Defendant The Gap, Inc. is a Delaware corporation with its principal place of business at 2 Folsom Street San Francisco, California 94105.  Defendant The Gap, Inc. operates clothing shops throughout the United States.

19.    Defendant Old Navy, LLC is a Delaware limited liability company with its principal place of business at 2 Folsom Street San Francisco, California 94105.    Defendant The Gap, Inc. is the parent company of Defendant Old Navy, LLC.

20.    Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

22.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this district and a substantial portion of the events that gave rise to this cause of action occurred here.

23.    This court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this district.

**CLASS REPRESENTATION ALLEGATIONS**

24.    Plaintiff seeks to represent a class defined as all persons in the United States who possess Store Cards that are maintained by Defendants (the "Class").

25.    Plaintiff also seeks to represent a subclass defined as all Class members who reside in California who possess Store Cards that are maintained by Defendants (the "California Subclass") (collectively with the Class, the "Classes").

26.    Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Classes number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

27.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendants' Store Card refund policies are false and misleading and whether these policies violate Cal. Civ. Code § 1749.5(b)(1).

28.    The claims of the named Plaintiff is typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, possesses a Store Card, and suffered a loss as a result of Defendants' possible prepayment amount and refund policies.

29.    Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

30.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense

to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.   In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.   Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**Unjust Enrichment**

31.   Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

32.   Plaintiff brings this claim individually and on behalf of members of the Classes against Defendants.

33.   Plaintiff and Class members conferred benefits on Defendants by paying valuable consideration to Defendants in exchange for the Store Cards.

34.   Defendants have knowledge of such benefits.

35.   Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' Store Card balance remainders.   Retention of those moneys under these circumstances is unjust and inequitable because Defendants did not disclose that their Store Card balances were non-refundable despite the explicit requirements of the applicable state law.

36.   Defendants have also been unjustly enriched by their unfair and unlawful practice of refusing cash redemptions on unused card balances, resulting in additional funds on unused cards reverting to Defendants.

37.   Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>COUNT II</u>
**Violation of California Unfair Competition Law**
**Business and Professions Code § 17200**
**(On Behalf of the California Subclass)**

38.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

39.     Plaintiff brings this claim on behalf of the California Subclass.

40.     Defendants' conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq.*

41.     The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.  In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

42.     By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that are independently actionable, and sweeps within its scope acts and practices not specifically proscribed by any other law.

43.     The UCL expressly provides for injunctive relief, and also contains provisions denoting its public purpose. A claim for injunctive relief under the UCL is brought by a plaintiff acting in the capacity of a private attorney general. Although the private litigant controls the litigation of an unfair competition claim, the private litigant is not entitled to recover compensatory damages for his own benefit, but only disgorgement of profits made by the defendant through unfair or deceptive practices in violation of the statutory scheme or restitution to victims of the unfair competition.

44.     As alleged above, Defendants' conduct violates the UCL's "unlawful" prong insofar as Defendants refuse to refund the balances of Store Cards that Plaintiff Miller and California Subclass members hold despite being required to by California law.   In fact, Defendants have not even provided a system that allows Store Card holders to request a refund.

45.     Defendants' conduct was not motivated by any legitimate business, economic need,

or rationale. The harm and adverse impact of Defendants' conduct on members of the general public were neither outweighed nor justified by any legitimate reasons, justifications, or motives.

46.     The harm to Plaintiff Miller and members of the California Subclass arising from Defendants' unfair and unlawful practices outweighs the utility, if any, of those practices.

47.     Defendants' unfair and unlawful business practices as alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff Miller, members of the California Subclass, and the general public.

48.     Defendants' conduct was substantially injurious to consumers in that they have suffered monetary injury because of Defendants' conduct.  As described above, the Store Cards held by Plaintiff Miller and the California Subclass carry a hidden fee and are worth less than they would be but for Defendants' conduct.

49.     Plaintiff Miller relied on Defendants' misrepresentations and material omissions. Such misrepresentations and omissions misled Plaintiff Miller and are likely to mislead the public. Plaintiff Miller seeks to enjoin Defendants from misrepresenting and/or omitting this material and accurate information in the documents that it makes available to existing Store Card holders and the general public.

50.     Plaintiff Miller and members of the California Subclass relied on Defendants' misrepresentations and omissions in that Plaintiff Miller received and reviewed the materials provided by Defendants, and like any reasonable Store Card holder, understood these documents to mean that he could obtain the balance of his Store Card if it was below $10 because Defendants were required by law to provide this option.

51.     As a result of Defendants' violations of the UCL, Plaintiff Miller and members of the California Subclass have suffered, and/or will continue to suffer from Defendants' unfair and unlawful policies, and thereby have suffered and will continue to suffer actual damages.

52.     Absent injunctive and public injunctive relief prohibiting Defendants from misrepresenting and omitting material information concerning its unfair policies at issue in this

1   lawsuit, Plaintiff Miller and other existing Store Card holders, and the general public will be exposed
2   to Defendants' conduct violative of the UCL.

3          53.    Plaintiff and the Class seek restitution pursuant to Cal. Bus. & Prof. Code § 17203 of
4   all amounts that Defendants charged or caused to be charged to Plaintiff's and the Class's accounts
5   in connection with the Store Card remainder balances during the four years preceding the filing of
6   this Complaint.  Defendants should be required to disgorge all the profits and gains they have reaped
7   and restore such profits and gains to Plaintiff and the Class, from whom they were unlawfully taken.

8          54.    Plaintiff brings this action as private attorneys general and to vindicate and enforce
9   an important right affecting the public interest.  Plaintiff and the Class are therefore entitled to an
10  award of attorneys' fees under Code of Civil Proc. § 1021.5 for bringing this action.

11         55.    Plaintiff has no adequate remedy at law for this claim.  There is no commensurate
12  legal remedy for Plaintiff's requested relief under this count.  Alternatively, legal remedies
13  available to Plaintiff are inadequate because they are not "equally prompt and certain and in other
14  ways efficient" as equitable relief.  *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937);
15  *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a
16  possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water
17  Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the
18  jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and
19  efficacious to the end in view … It must reach the whole mischief and secure the whole right of the
20  party in a perfect manner at the present time and not in the future").  Furthermore:

21         a)  To the extent damages are available here, damages are not equally certain as
22             restitution because the standard that governs ordering restitution is different than the
23             standard that governs damages. Hence, the Court may award restitution even if it
24             determines that Plaintiff fails to sufficiently adduce evidence to support an award of
25             damages.

26         b)  Damages and restitution are not necessarily the same amount. Unlike damages,
27             restitution is not limited to the amount of money Defendants wrongfully acquired
28             plus the legal rate of interest. Equitable relief, including restitution, entitles the

plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

      c)  Legal claims for damages are not equally certain as restitution because claims under the UCL and unjust enrichment entail few elements.

56.    Plaintiff also lacks an adequate remedy at law because California's Gift Certificate Law does not provide a private right of action. *Sandler v. iStockphoto LP*, 2016 WL 871626, at *1 (C.D. Cal. Feb. 5, 2016); *accord Cody v. SoulCycle Inc.*, 2016 WL 4771392, at *9, n.8 (C.D. Cal. Jan. 11, 2016).

57.    Plaintiff also lacks an adequate remedy at law to prevent future harm. Because the Plaintiff still has an unused balance on his gift card, he wishes to obtain a cash refund of the remaining balance it in the future.

**COUNT III**
**Violations of the Consumer Legal Remedies Act (CLRA)**
**Cal. Civ. Code 1750 et seq.**
**(On Behalf of Plaintiff and California Subclass)**

58.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

59.    Plaintiff and Class Members are "consumers," as the term is defined by California Civil Code § 1761(d).

60.    Plaintiff, Class Members, and Defendants have engaged in "transactions" as that term is defined by California Civil Code § 1761(e).

61.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

62.    As alleged more fully above, Defendants have violated the CLRA by selling Store Cards with refund policies that violate state laws.

63.    As a result of engaging in such conduct, Defendants have violated California Civil Code § 1770(a)(14) and (a)(19).

64.    Specifically, Defendants have engaged in deceptive practices by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, because the Store Cards are non-refundable even where state law requires it.

65.    Defendants have also, through their policy of refusing to redeem the Store Cards for cash, inserted an unconscionable provision in their contract with consumers.

66.    Defendants' Store Card refund policy was likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that this policy was illegal and unconscionable.

67.    In failing to redeem the store cards for cash when required to do so intended to induce reliance, and Plaintiff reasonably relied on this omission when purchasing the Store Card with valuable consideration.  Defendants' misrepresentation and omission was a substantial factor in Plaintiff's purchase decision.

68.    Class-wide reliance can be inferred because Defendants' misrepresentation was material in that consumers would not have purchased the Store Card if it was conspicuously disclosed that the Store Card refund policy violated state laws.

69.    Defendants' misrepresentations and omissions were a substantial factor and proximate cause in damages and losses to Plaintiff and Class Members.

70.    Plaintiff and Class Members were injured as a direct and proximate result of Defendants' conduct because they (1) were charged hidden fees in the form of a balance that they were not able to receive in cash, and (2) were harmed in that their Store Card balances, which are only usable to purchase Defendants' products, are worth less than the value of what they are entitled to, i.e., a balance that they can spend anywhere.

71.    The CLRA expressly provides for injunctive relief, and also contains provisions denoting its public purpose. A claim for injunctive relief under the CLRA is brought by a plaintiff acting in the capacity of a private attorney general.

72.    Absent injunctive and public injunctive relief prohibiting Defendants from engaging in the unlawful conduct detailed above, Plaintiff and other class members, and the general public will be exposed to Defendants' conduct violative of the CLRA.

73.    Accordingly, Plaintiff, on behalf of himself and all other members of the California Subclass, seeks to enjoin the unlawful acts and practices described herein.

## PRAYER FOR RELIEF

74.    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the nationwide Class and the California Subclass and Plaintiff's attorneys as Class Counsel to represent the nationwide Class and the California Subclass members;

    b.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

    c.    For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

    d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.    For prejudgment interest on all amounts awarded;

    f.    For an order of restitution and all other forms of equitable monetary relief;

    g.    For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

    h.    For an order awarding Plaintiff and the Nationwide Class and the California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

1    Dated:  August 4, 2025                    **BURSOR & FISHER, P.A**.

2                                              By: ___*/s/ Philip L. Fraietta*_____
                                                       Philip L. Fraietta
3
                                               Philip L. Fraietta (State Bar No. 354768)
4                                              1330 Avenue of the Americas, 32nd Floor
                                               New York, NY 10019
5                                              Telephone: (646) 837-7150
                                               Facsimile: (212) 989-9163
6                                              E-mail: pfraietta@bursor.com

7                                              **BURSOR & FISHER, P.A.**
8                                              Stefan Bogdanovich (State Bar No. 324525)
                                               1990 North California Blvd., 9th Floor
9                                              Walnut Creek, CA 94596
                                               Telephone: (925) 300-4455
10                                             Facsimile: (925) 407-2700
                                               E-mail:  sbogdanovich@bursor.com
11
12                                             *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CLRA Venue Affidavit Pursuant to California Civil Code § 1780(d)</u>**

2

I, Philip L. Fraietta, declare as follows:

3

1.      I am an attorney at law licensed to practice in the State of California and a member

4

of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff.  I

5

have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could

6

and would competently testify thereto under oath.

7

2.      The Complaint filed in this action is filed in the proper place for trial under Civil

8

Code Section 1780(d) in that Defendants The Gap, Inc. and Old Navy, LLC have their principal

9

places of business in this district.

10

I declare under penalty of perjury under the laws of the State of California and the United

11

States that the foregoing is true and correct.  Executed at New York, New York this 4th day of

12

August, 2025.

13

14

_/s/ Philip L. Fraietta_
Philip L. Fraietta

15

16

17

18

19

20

21

22

23

24

25

26

27

28